UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

BOB EUGENE WEST, JR.,

Petitioner,

v.

MARK NOOTH, Superintendent
Snake River Correctional Inst.

Respondent.

Case No. 2:15-cv-00138-AA

OPINION AND ORDER

AIKEN, District Judge:

Petitioner filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his sexual abuse convictions on grounds that his counsel rendered ineffective assistance at trial. For the reasons discussed below, the petition is denied.

BACKGROUND

In November 2005, after trial by jury, petitioner was convicted of six counts of Sexual Abuse in the First Degree, four counts of Sodomy in the First Degree, and one count of

1   - OPINION AND ORDER

Attempted Sodomy in the First Degree. Resp't Ex. 101. The charges arose from petitioner's abuse of his twin sons when they were approximately ten years old. Resp't Ex. 102; Transcript of Proceedings (Tr.) 41.

After the State presented last its witness at trial, the trial court asked petitioner's counsel whether petitioner would be testifying. Trial counsel answered that petitioner would not be testifying. Tr. 733. Following closing statements, the jury returned guilty verdicts on all counts. Tr. 848-51; Resp't Ex. 101.

At sentencing, petitioner maintained that the accusations were false and the witness testimony was contradictory. He continued, "And the only way that I could – I could even possibly defend myself is by being on that stand, which we all know I never got there." Tr. 869. When the trial court responded, "And I presume that's because of your six prior felony convictions and your four misdemeanors," petitioner replied, "No. Actually, I was willing to get on the stand." Tr. 869. Ultimately, the trial court imposed 100-month consecutive sentences on each conviction for Sodomy; a 45-month consecutive sentence on the conviction for Attempted Sodomy; and 75-month sentences on each conviction for Sexual Abuse, with two of the sentences to be served consecutively. Tr. 870-71. In all, the trial court imposed a total of 595 months' imprisonment. Tr. 871; Resp't Ex. 101.

On direct appeal, petitioner asserted that the trial court committed error by "failing to obtain a personal, unequivocal waiver of defendant's right to testify" and by "imposing consecutive sentences." Resp't Ex. 103 at 10, 14. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 106-07.

Petitioner filed a petition for post-conviction relief (PCR) alleging seventy-two claims for relief. Resp't Ex. 108. The PCR court issued findings of fact and denied relief. Resp't Ex. 175.

2   - OPINION AND ORDER

Petitioner appealed the PCR court's ruling and asserted forty-nine assignments of error. Resp't Ex. 177. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 180-81.

On January 26, 2015, petitioner filed a federal petition seeking habeas relief. Subsequently, petitioner was appointed counsel, and on January 30, 2016, he filed an amended habeas petition.

## DISCUSSION

In his amended petition, petitioner asserts thirty-eight grounds for relief. (ECF No. 29) However, petitioner's counseled brief addresses only Ground 20, and his pro se brief appears to argue only Grounds 2, 5, 6, 7, 8, 9, and 23-27. (ECF Nos. 46, 62) With respect to his remaining grounds, petitioner submits no argument and fails to meet his burden of showing that he is entitled to habeas relief. *See Mayes v. Premo*, 766 F.3d 949, 957 (9th Cir. 2014) (a habeas petitioner bears the burden of proving his claims).

With respect to the claims that were briefed, respondent argues that petitioner failed to fairly present the federal nature of his claims to the Oregon courts, and they are unexhausted and procedurally barred as a result. Alternatively, respondent argues that the PCR court's decision rejecting these claims was reasonable and entitled to deference. Regardless of exhaustion, I find that petitioner is not entitled to habeas relief. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

The PCR court rejected petitioner's claims of ineffective assistance of trial counsel on their merits, and that decision was affirmed. Resp't Ex. 175. A federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in state court, unless the state

3 - OPINION AND ORDER

court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" established federal law if it fails to apply the correct Supreme Court authority, or if it reaches a different result in a case with facts "materially indistinguishable" from relevant Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable" manner. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *Williams,* 529 U.S. at 407-08, 413; *see also Early v. Packer*, 537 U.S. 3, 11 (2002) (per curiam) (state court decisions that are not "contrary to" Supreme Court precedent may be set aside only "if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law, or are based on 'an unreasonable determination of the facts.'").

Under well-established Supreme Court precedent, a prisoner alleging ineffective assistance of counsel must show that 1) "counsel's performance was deficient," and 2) counsel's "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* at 688. With respect to prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "Unless a defendant makes both showings, it cannot be said that the conviction...resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

Judicial review of an attorney's performance under *Strickland* is "highly deferential" and carries a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," which, under the relevant circumstances, "might be considered sound trial strategy." *Id.* at 689 (citation omitted); *see also Harrington v. Richter*, 562 U.S. 86, 101 (2011) (on habeas review, a state court decision "must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself").

In Ground 20, petitioner alleges that trial counsel was ineffective by failing to properly advise petitioner about his right to testify and failing to prepare him to testify. In rejecting this claim, the PCR court found that petitioner "was told of his right to testify and that it was his choice although [trial counsel] recommended against it. [Petitioner] made his choice freely [and] voluntarily after the state closed its case. [Petitioner] did not disagree when [trial counsel] told [the trial court] he would not testify." Resp't Ex. 175 at 2. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 653, 664 (2004)). In this case, the record supports the reasonableness of the PCR court's decision.

After reviewing counsel's affidavits and hearing petitioner's testimony, the PCR found that petitioner was informed of his right to testify and ultimately agreed that he should not testify. *See* Resp't Exs. 170-71, 174 at 82, 175 at 2. In his PCR affidavits, trial counsel indicated that petitioner's "criminal history was too poor to enable him to testify on the witness stand." Resp't Ex. 170 at 2. While petitioner still wanted to testify at the beginning of trial, counsel stated that he changed his mind as the trial progressed and confirmed that he did not want to

testify when the State rested its case. Resp't Ex. 171. As the PCR court noted, petitioner did not indicate any disagreement when counsel informed the trial court that petitioner would not testify.

Petitioner concedes that a defendant's "silence at trial" may effectively waive "his right to testify on his own behalf." *United States v. Edwards*, 897 F.2d 445, 446-47 (9th Cir. 1990). Here, however, petitioner maintains that trial counsel suggested in his opening statement that petitioner would take the stand, and as a result, the record must show that petitioner "was informed about the consequence of not testifying in light of such a suggestion that he would." Pet'r Br. at 17. Petitioner relies on the following statements made by trial counsel:

> I submit to you what you'll find, when you've heard all of the evidence, is that the symptoms that the State points out also are relevant and appropriate to essentially the dissolution of a dysfunctional family. And that's what causes the allegations, and Mr. West tells you that those are false.

Tr. 48. I am not persuaded.

Counsel's opening statement did not suggest that petitioner was going to testify. Counsel did not state that "Mr. West will tell you...," or "Mr. West will testify that...," or otherwise indicate that the jury should expect petitioner to testify. Rather, counsel spoke in the present tense, "Mr. West tells you [those allegations] are false," indicating that counsel was simply speaking on petitioner's behalf during opening argument. Tr. 48. Nothing in this record suggests that counsel failed to advise petitioner about his right to testify.

Petitioner also fails to demonstrate prejudice. Notably, petitioner does not explain how his testimony would have affected the outcome of trial, other than "he would have simply been able to deny the allegations tipping the balance in favor of acquittal." Pet'r Brief at 21. Denying the allegations under oath would have added little to his defense, particularly when he would have been subjected to cross examination and his felony criminal history would have been

revealed to the jury. Thus, the PCR court did not unreasonably apply *Strickland* when it rejected Ground 20.

In his pro se brief, petitioner raises Ground 2 of his amended petition, which alleges that trial counsel failed to "effectively object to the prosecutor's misrepresentations regarding fulfilling her discovery duty and her failure to tender it in a manner that allowed [petitioner] proper notice and opportunity to investigate and defend." Am. Pet. at 3; Pet'r Pro Se Brief at 17-18. However, petitioner fails to explain how trial counsel could have objected or why an objection or additional efforts to obtain discovery would have changed the outcome of the trial. As the PCR court found, petitioner presented "[n]o proof [trial counsel] didn't obtain discovery that was within his power to obtain." Resp't Ex. 175 at 2.

Next, petitioner argues that trial counsel inadequately investigated the case and failed to call witnesses for cross-examination, as raised in Grounds 5, 6, 7, 8, and 9 of his amended petition. The PCR court found that petitioner presented "[i]nsufficient evidence that [the] case [was] not well investigated." Resp't Ex. 175 at 2. Specifically, the PCR court noted that petitioner presented "[n]o proof" that counsel failed to discover witnesses "who were available, helpful, willing [and] whose testimony would have been helpful." Resp't Ex. 175 at 1. Petitioner presents no convincing argument to dispute the PCR court's findings.

Finally, in Grounds 23 through 27, petitioner alleges that trial counsel was ineffective by failing to seek the removal of several jurors for cause. The PCR court rejected these claims and found there was an "insufficient legal basis to challenge for cause any jurors mentioned." Resp't Ex. 175 at 1. In his pro se brief, petitioner offers no factual or legal basis to justify removal of the jurors and fails to show any resulting prejudice.

In sum, the PCR court's decision was neither contrary to nor an unreasonable application of clearly established federal law, and it is entitled to deference. 28 U.S.C. § 2254(d)(1).

## CONCLUSION

For the reasons explained above, the Amended Petition for Writ of Habeas Corpus (ECF No. 29) is DENIED and this case is DISMISSED. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

DATED this 25th day of March, 2018.

_____
Ann Aiken
United States District Judge